## Case No. 4,496.

ENSWORTH v. NEW YORK LIFE INS. CO.

[1 Flip. 92;[1] 7 Am. Law Reg. (N. S.) 332; 1 Bigelow, Ins. Cas. 645.]

Circuit Court, N. D. Ohio. Jan. Term, 1868.

Wyman & Barlow, for plaintiff,

F. J. Dickman and S. J. Andrews, for defendant,

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

SHERMAN, District Judge, recited the contract, and, after instructing the jury as to the mode of weighing the testimony, said: That if an agent should grossly misconduct himself in the course of his agency, and should prove unfaithful to his trust, he would forfeit his claim to his compensation or commission, but his misconduct and infidelity must be gross and aggravated before such consequences would follow; ordinary or slight misconduct would not work a forfeiture of his commissions, although it might be a good cause for a revocation of his agency.

In this case the contract is claimed by the plaintiff to be an entire contract, and that there may be an entire breach; that the damages can be readily ascertained from well known principles derived from long-used life tables. On the other side, it is claimed to be a divisible contract, and that the breach can be severed into several parts. I know of no general rule of law that would absolutely and definitely determine into which class this particular case would fall, nor can any adjudicated case, similar in all respects to this, be found. If any existed, it would undoubtedly have been found by the learning and research of the counsel. This contract may be said to be a continuing contract; but whether it is an entire or divisible contract depends upon its terms. When a contract is made for the building of a house, and a party refuses to fulfill, it may be considered an entire contract; and one refusal may properly be treated as an absolute breach, and one suit may cover all the damages. On the other hand, a contract to deliver the crops of a farm for several successive years is one capable of division, and several actions may be brought—one for each year—for the refusal to deliver the crops.

Again, it has been held and decided, that a continuing contract to pay a sum of money by installments, or the hire of a laborer by the month for a whole year, is a divisible contract, and may be sued on from month to month, or when the installments become due and payable. On the other hand, it is well settled that a contract to board, clothe, and support old people during their lives, is one entire contract; and one suit may be brought for the whole damages sustained by the breach. The principle deduced from these cases is, that if a contract is formed of parts which are so far inseparable, that if any one is taken away there is a completed and final breach, then all must be included in the damages; but if the contract is such that it can be separated and divided into one or more distinct and separate breaches, then an action will lie and damages be had for those breaches.

If it be found from the evidence that this contract contemplated that the plaintiff should have the absolute right and ownership in the policies obtained by him, to the extent of five per centum on their renewals during the life of them, and that this right became fixed at the moment and could not be divided from other duties and other matters, then it is one entire contract, and you must find and fix his damages from the evidence given as to the value of such an interest in the policies. But if the contract contemplated that he was entitled to the commissions on the premiums, only as the policies were renewed from year to year and the premiums paid to the life insurance company, then the contract is divisible, and he can only sue and recover damages after those premiums for renewals are paid in. In this case the plaintiff would be entitled to recover the amount of the commissions on the renewals only down to the day on which he brought his suit.

In this connection, it may be said that a well-established custom among life insurance companies and their agents, as to the kind and extent of the property that agents may possess in the lists of policies they procure, may be considered as explaining the contract as claimed, because the parties are presumed to make the contracts in reference to that custom.